IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

CHARLES TORNS, JR.                                                    PLAINTIFF

VERSUS                                          CIVIL ACTION NO. 2:08cv138KS-MTP

MDOC, et al.                                                         DEFENDANTS

<u>ORDER</u>

BEFORE THE COURT is the plaintiff's motion for relief from judgment [21] filed June

5, 2009, pursuant to Rule 60(b) of the FEDERAL RULES OF CIVIL PROCEDURE regarding the final

judgment [19] entered March 23, 2009.

A party seeking relief under Rule 60(b) must show: (1) mistake, inadvertence, surprise,

or excusable neglect; (2) newly discovered evidence which by due diligence could not have been

discovered in time to move for a new trial under Rule 59(b); (3) fraud, . . . misrepresentation,

or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been

satisfied . . .; or (6) any other reason justifying relief from the operation of the judgment. FED.

R. CIV. P. 60(b).

The final judgment [19] entered March 23, 2009, found that the plaintiff had failed to

comply with the order [3] entered June 30, 2008, denying the plaintiff's motion to proceed <u>in</u>

<u>forma</u> <u>pauperis</u>.  The order [3] entered June 30, 2008, found that because of plaintiff's three

strikes that he was required to pay the $350.00 filing fee.

In his motion [21], the plaintiff states that this Court erroneously relied on <u>Torns v.</u>

<u>Fordice, et al.</u>, No. 96-60305 (5th Cir. June 17, 1998)(unpublished) as a strike.  Having reviewed

the motion [21] as well as the record, this Court finds that the plaintiff is correct that <u>Torns v.</u>

<u>Fordice</u>, No. 96-60305, should not have been counted as a strike.  However, upon further review

of the record, this Court finds that notwithstanding <u>Torns v. Fordice</u>, No. 96-60305 not counting

as a strike, the plaintiff had in fact accumulated while incarcerated a third strike in another civil

action, <u>Torns v. Dunn, et al.</u>, No. 3:02cv263WS ( S. D. Miss. Apr. 30, 2002), Plaintiff's claim

was dismissed for failure to state a claim.  Therefore, Plaintiff's threes strikes are as follows:  (1)

<u>Torns v. Fordice, et al.</u>, No. 4:95-cv-398 (N.D. Miss. June 10, 1996), Plaintiff's claim was

dismissed as frivolous; (2) <u>Torns v. Dunn, et al.</u>, No. 3:02cv263WS ( S. D. Miss. Apr. 30, 2002),

Plaintiff's claim was dismissed for failure to state a claim; and (3) <u>Torns v. State of Mississippi</u>

<u>Department of Corrections et al.</u>, No. 4:03-cv-410 (N.D. Miss. July 19, 2004), Plaintiff's claim

was dismissed for failure to state a claim.  Therefore, the ruling that Plaintiff accumulated three-

strikes and was barred from filing <u>in</u> <u>forma</u> <u>pauperis</u> at the time he filed the instant civil action

was correct.

Moreover, Plaintiff's argument that he is no longer incarcerated and the Prison Litigation

Reform Act has no bearing on the instant civil action does not apply to the case at hand.  Clearly,

the determination of <u>in</u> <u>forma</u> <u>pauperis</u> is based on the Plaintiff's status as a prisoner or non-

prisoner at the time the lawsuit is filed.  <u>See</u> <u>Banos v. O'Guin</u>, 144 F.3d 883 (5th Cir. 1998);

<u>Choyce v. Domiguez</u>, 160 F.3d 1068 (5th Cir. 1998).  Therefore, under the circumstances of the

instant civil action, Plaintiff was incarcerated at the time he filed the instant civil action and

therefore, the Prison Litigation Reform Act did apply.  Accordingly, it is

ORDERED that the plaintiff's motion for relief from judgment is **granted in part and**

**denied in part**.  It is granted to the extent that the plaintiff did not accrue a strike in <u>Torns v.</u>

<u>Fordice</u>, Appeal No. 96-60305 (5th Cir. June 17, 1998)(unpublished).  However, he did accrue a

strike in <u>Torns v. Dunn et al</u>, civil action no. 3:02cv263WS (S.D. Miss. Apr. 30, 2002), for

failure to state a claim.  Therefore, the remaining request for relief set forth in the motion for relief from judgment [21] is denied and the final judgment [19] remains in full force and effect.

This the 15th day of June, 2008.


*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE